**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re

Vincent J. and Ramona S. Mayer

                              CHAPTER    7
                              CASE NO.    8:94-bk-11705-CPM

        Debtor(s)
_____/


**RESPONSE BY TO DEBTOR(S)' MOTION FOR RECONSIDERATION OF ALLOWANCE OF CLAIM #4 OF SEARS AND SEARS' OBJECTION TO DEBTOR'S MOTION FOR TURNOVER OF CLAIM FUNDS**

Sears Holdings Management Corporation as Successor to Sears Roebuck & Co. ("Creditor"), Responds to the Debtor's Motion For Reconsideration of Allowance of Claim #4 (Objection to Claim) and states:

    1.      Creditor's claim was filed on November 13, 2000, as a general unsecured claim in the amount of $3,701.78

    2.      The Claim was allowed by Order of the Court dated September 30, 2003. Docket # 55.

    3.      Debtors filed Schedules under oath and in Schedule F Debtors listed Sears in the amount of $3,750 and though given the opportunity to do so, never indicated that there was any issue with the claim, never objecting during the pendency of the case or marking the Schedule to indicate that it is disputed, contingent or unliquidated.

    4.      Now, more than 8 years after the filing of the Claim, and more than 5 years after its allowance seeks to have the claim disallowed on a rehearing Motion and Objection which says nothing other than the Claim is not supported by sufficient documentation.

    5.      At this stage of the process, it is manifestly unfair and unreasonable to expect that

the Witnesses and Documents would be available to support the claim and Debtors should be estopped to even assert such objection to Claim # 4.

6. It is extremely prejudicial to the Creditor and based upon the fact that it was incumbent upon the Debtor to come forward with more evidence than simply a conclusory statement that the attached records are insufficient.

7. The fact is that the records are more than sufficient to satisfy the requirements of the account. If Debtors have some independent proof that they have paid off the account and can present such proof in the form of cancelled checks then there is perhaps an issue, however, Debtors cannot present such proof because no such proof exists.

8. In fact the Debtors had not only the instant account but also had a second account with Sears as indicated in their sword Schedules filed with the Court. Though the Debtors did not use any account numbers in their schedules, the attachment to the Proof of Claim shows the account number of

```
Account or other number by which creditor identifies debtor:
0687154203362
```

9. The address is 4106 Houston Lane in North Port, Florida which was the Debtor's address at the time of the Petition. In addition the account and the Petition both reveal the same Social Security number ending in 8766 (redacted herein) though unredacted in the Courts original records.

10. The Case law is clear that when the records are sufficient to tie the Account to the Debtor and the time frame is such that a charged off account records may be difficult to obtain, but there is sufficient indicia and consistency with the records and the Debtor's admission by

filing the Sworn Schedules, that merely stating the records are now insufficient, is not enough to overcome the presumptive validity of the Claim. See for example: In re Shank, 315 B.R. 799, (B.N.D.Ga.,2004) (Background: "Chapter 13 debtor objected to proofs of claim filed by creditors to which Chapter 13 debtor was allegedly indebted on credit card and other consumer account debt, as lacking in requisite documentary support.").

"Even if the debtor's objection here had requested relief that would invoke the Henry rule, there is a second, more fundamental reason why the Court will not apply it: the debtor seeks disallowance of claims solely because of what is, in essence, a pleading deficiency. Without any allegation that she has any good faith theory that might require disallowance or reduction of any of the claims, on most of which, as matters now stand, she admits some liability in her schedules, she insists that the procedures of the bankruptcy rules governing disputes require that currently undisputed claims be disallowed. (The Court uses the term "undisputed" in the sense that no objection on the merits has been filed to any claim. A debtor's scheduling of a claim as contingent, unliquidated, or disputed, without affirmatively asserting in the objection that the debtor owes nothing or less than the amount claimed, would make no difference for purposes of the issues considered here.) Such a result not only makes no sense; it threatens the fair treatment of creditors in bankruptcy cases (especially chapter 13 cases), the just administration of those cases, and, indeed, the integrity of the bankruptcy system."

11. Debtor's Motions lack merit and should be denied.

12. The Court should enter an Order Denying the Motions, Sears Claim is already allowed and the funds on deposit with the Court registry should be turned over to Larry Foyle as counsel for the Creditor to distribute to Sears or its successor in interest.

Wherefore, Sears prays for the entry of an appropriate Order in this case which Denies Debtor's Motion and overrules the Objection . Sears then prays that its allowed claim be paid and to the extent of the funds being in the Court registry, requests an ex parte Order directing that the Funds be released to Sears.

/s/ Larry M. Foyle, Esq.
Larry M. Foyle, Esq.
Kass, Shuler, Solomon, Spector,
 Foyle & Singer, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1353
Fax:
(813) 769-7563
lfoyle@kasslaw.com
Florida Bar No. 307343

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on February 15, 2010, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Vincent J. and Ramona S. Mayer , P.O. Box 1148 , Sarasota, FL 34230; Melody D. Genson, Esq., Melody D Genson, P.A. 2750 Ringling Boulevard, Suite 3, Sarasota, FL 34237; Ralph Jay Harpley, Trustee, PO Box 271286, Tampa, FL 33688-1286.

And to
Virginia Hatch
Billy Hatch
POBox 23318
Little Rock, Ark 72211 23318

Dennis J LeVine, Attorney for Trustee
P O Box 707
Tampa, FL 33601-0707

Ruth Shapiro

1687 Eagle Nest Ct.

Sarasota, Florida 34232

### Rule 7005-3

### SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a

Filing User or otherwise consents in writing to electronic service.

                <u>/s/ Larry M. Foyle, Esq.</u>
                Larry M. Foyle, Esq. (x1353)

1000339/lmf